UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| A. Lipko, Jr., Plaintiff, v. M. Christie, Defendant. | C.A. No. 04-437S |

**ORDER**

United States District Judge William E. Smith.

Before this Court is Plaintiff A. Lipko, Jr.'s Motion for Sanctions Under 28 U.S.C. § 1927. For the reasons discussed below, Plaintiff's Motion is DENIED.

I. Background

Plaintiff filed a Complaint against Defendant M. Christie, on October 8, 2004, alleging, among other things, that "he has been deprived of property interest without procedural due process of law," as the result of a Connecticut state court judgment imposing liens against his property. (Pl.'s Compl. at 4.) The Defendant filed a Motion to Dismiss and the matter was referred to Magistrate Judge David L. Martin for a Report & Recommendation ("R&R"). On November 26, 2004, Magistrate Judge Martin recommended granting in part Defendant's Motion to Dismiss for

lack of subject matter jurisdiction, and denying in part the Motion to Dismiss, to the extent it sought the imposition of sanctions against Plaintiff. On December 21, 2004, this Court accepted the R&R, granting the Motion to Dismiss in part and denying the Motion to Dismiss in part.

On January 5, 2005, Plaintiff brought this Motion for Sanctions Under 28 U.S.C. § 1927. One week later, on January 12, 2005, Plaintiff filed a Notice of Appeal with the United States Court of Appeals for the First Circuit, seeking review of this Court's Order partially granting Defendant's Motion to Dismiss. Between February 11, 2005, and March 7, 2005, Plaintiff filed three new motions with the First Circuit: a Motion for Sanctions,[1] a Motion for Substitution of Parties, and a Motion for Suspension or Disbarment of Joseph Mager, Jr. The First Circuit denied all three motions on March 22, 2005. Plaintiff's appeal of this Court's Order partially granting Defendant's Motion to Dismiss is still pending before the First Circuit. Defendant has not replied to the Plaintiff's Motion for Sanctions Under 28 U.S.C. § 1927.

---

[1] Because this Court did not receive a copy of the Plaintiff's Motion for Sanctions filed with the First Circuit, it is unclear whether this Motion is identical to the Plaintiff's Motion for Sanctions Under 28 U.S.C. § 1927 pending before this Court.

II. Discussion

The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Nevertheless, "notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters." Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004). Because Plaintiff's Motion for Sanctions Under 28 U.S.C. § 1927 is collateral to his appeal of Defendant's Motion to Dismiss, which involves jurisdictional matters, Plaintiff's Motion for Sanctions is properly before this Court.

28 U.S.C. § 1927 provides, in relevant part, that:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Before a district court may impose such sanctions, the court must find that the offending attorney's multiplication of the proceedings was both "unreasonable" and "vexatious." Cruz v. Savage, 896 F.2d 626, 631 (1st Cir. 1990). Here, Plaintiff has failed to demonstrate that Defendant's attorneys have multiplied the proceedings in this case in a vexatious and unreasonable

fashion. In fact, Plaintiff's Motion is a diatribe of seemingly unrelated and difficult-to-understand allegations. It is frivolous on its face and should not have been filed. Plaintiff is hereby warned that even though he is a pro se litigant, all the duties and obligations attendant to attorney practices before this Court (e.g., Rule 11 of the Federal Rules of Civil Procedure) apply to him. See Ryder v. Elliot, No. 04-15834, 2005 WL 844626, at *1 (9th Cir. Apr. 13, 2005); see also Shough v. Vigil, No. 01-1113, 2002 WL 126996, at *2 (10th Cir. Feb. 1, 2002). Further frivolous filings may result in appropriate sanctions or other action by this Court.

III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Sanctions Under 28 U.S.C. § 1927 is DENIED.

IT IS SO ORDERED.

WESmith

William E. Smith
United States District Judge

Date: 6/23/05